CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 1 2 2017

JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CHRISTOPHER LAMONTE BROWN,
    Petitioner,

v.

F. QUINTANA,
    Respondent.

Civil Action No. 7:17-cv-00451

MEMORANDUM OPINION

By:  Hon. Jackson L. Kiser
      Senior United States District Judge

    Christopher Lamonte Brown, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner had been convicted in the Middle District of Louisiana for conspiring to possess with the intent to distribute cocaine, possessing a firearm in furtherance of a drug trafficking crime, and possessing a firearm as a convicted felon. United States v. Brown, No. 3:13-146-SDD-SCR-1 (M.D. La. June 4, 2014). Petitioner argues that his incarceration is unconstitutional because he is actually innocent of these crimes, the evidence was insufficient to sustain them, and he had ineffective counsel. Petitioner is presently confined at a correctional facility within this district, and this matter is before me for preliminary review pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases.[1] After reviewing Petitioner's submissions, I conclude that Petitioner fails to demonstrate an entitlement to relief via § 2241, and I dismiss the petition without prejudice.

    A district court may not entertain a § 2241 petition attempting to invalidate a conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255(e); Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial,

---

[1] Rule 1(b) permits a court to apply the Rules for § 2254 Cases to a § 2241 habeas petition, and Rule 4 permits a court to dismiss a habeas petition when it plainly appears that a petitioner is not entitled to relief.

115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a prisoner satisfies a three-part standard:

> (1) [A]t the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his convictions via § 2241. Petitioner fails to explain how a change in substantive law made it legal to conspire to possess with the intent to distribute cocaine, possess a firearm in furtherance of a drug trafficking crime, or posses a firearm as a convicted felon. The fact that a new § 2255 motion would be time barred or considered successive does not make § 2255 review "inadequate" or "ineffective." Accordingly, Petitioner fails to meet the In re Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his convictions, his claims cannot be addressed under § 2241, and the petition must be dismissed without prejudice.[2]

ENTER: This 12th day of December, 2017.

Senior United States District Judge

---

[2] I decline to construe petitioner's § 2241 petition as a § 2255 motion. First, a § 2255 motion must be filed with the court that imposed the sentence. 28 U.S.C. § 2255(a). Second, Petitioner already filed a § 2255 motion to challenge his convictions. Consequently, Petitioner must receive pre-filing authorization from the appropriate court of appeals to file a successive § 2255 motion. 28 U.S.C. § 2255(h). Petitioner has not demonstrated that a court of appeals has authorized him to submit a second or successive § 2255 motion, and transferring a clearly successive § 2255 motion to the sentencing court does not further the interests of justice or judicial economy.

2